## James Huckins *vs.* The City of Boston.

The owner of goods, wares and merchandise, living in one town, and doing business in another, where he has a privilege in a counting-room, and has goods stored, but does not otherwise hire or occupy any store, shop, or wharf, is not liable, within the provisions of the Rev. Sts. *c.* 7, § 10, *cl.* 1, and *St.* 1839, *c.* 139, § 1, to taxation for such goods, in the town where he so does his business.

This was an action of assumpsit to recover the sum of $90, being the amount of a tax assessed on the plaintiff in the year 1846, by the assessors of the city of Boston, for his "personal estate, income, &c.," together with the costs thereon, and interest from the 8th of January, 1847, when the same was paid under protest; and also the further sum of $90, assessed on the plaintiff in the year 1847 by the assessors of the city of Boston, for "personal estate, income, &c.," together with costs, and interest from the time when the tax was paid under protest.

The case was submitted to the court upon the following agreed statement of facts : —

The plaintiff, for eleven years previously, including the years 1846 and 1847, had been an inhabitant of the city of Roxbury, and resided therein, and for all that time had been taxed in Roxbury for his poll, and for his real and personal estate and income, and had paid the same. The tax for 1846 was for the plaintiff's "poll, real estate, personal estate and income," and amounted to $107·50. The tax for 1847, assessed in like manner, amounted to $150·84.

The plaintiff had had no goods, wares or merchandise, stock in trade, or stock employed in the business of any of the mechanic arts, or in manufacturing, and had not owned, hired or occupied any store, shop or wharf, in the city of Boston, for the eleven years previous. During this period, he was engaged in manufacturing starch in Roxbury, and was interested as part owner in sundry vessels, which he sometimes chartered, and at others freighted, sometimes in Boston, and at other times in New York, and other ports.

The plaintiff, together with Howes and Crowell, occupied a counting-room on Commercial wharf, in Boston, where he transacted his general business, and where he usually was in the business hours of every week day. He paid Howes and Crowell, for the use of the privilege in the counting-room with them, from time to time, such a rent as they determined was right, amounting usually to $25 or $30 a year. His books of account were kept in this counting-room, and there he received his bank notices. He made his deposits in Boston, and all his ship and general business letters were directed to him at Boston.

The starch manufactured by the plaintiff in Roxbury was generally sent directly from the factory to his agents in Boston, Fall River, Providence and other places ; and sometimes portions of it were sent to Boston, to persons to whom he had sold it, and, if more was sent in than was sold, the overplus was stored. The plaintiff did not himself sell all the starch which was sent from his factory to Boston ; but he had an agent or agents there on Central wharf, who kept a supply

and sold on commission as much or more than he did. When the agents were out and wished for more, they sent an order therefor to the plaintiff at his counting-room, or through the post office, directed to him at Boston.

The plaintiff visited his manufactory at Roxbury whenever occasion required, and gave orders as to the operations there ; and when goods were sent from the factory to agents, a memorandum of the transaction was made, which was brought into Boston and entered on his books.

From the 1st of May, 1846, to the 1st of May, 1847, the plaintiff's sales of starch amounted to $15,221·68, of which the amount sold by him and sent by railroad from the factory and not to Boston, was $3760·47 ; the amount sold and sent from the factory to Boston was $320·97 ; and the amount sold by agents at sundry places was $11,140·24.

When the plaintiff loaded his vessels himself, he bought goods which were carried from the stores of the sellers, and put on board the vessel, and when he received goods from abroad, on freight or adventure, he sometimes sold and delivered them from the vessel. Whenever he landed the goods, he had them stored, sometimes at one place and then at another, and paid for storing each and every lot. When he had any starch or other articles temporarily stored in the store connected with the counting-room which he partly occupied, or in any other store, and any one wished to see such articles, he opened the barrel or box containing them, for that purpose, but he never kept samples.

The defendants could prove, and if such evidence was competent or admissible, it was to be taken as proved and agreed, but not otherwise, that, for the last eight years, the name of the plaintiff had been inserted in the Boston Directory, as of No. 35 Commercial wharf. But this insertion was made without the plaintiff's request, or permission, other than suffering it to remain without objection.

*J. J. Clarke,* for the plaintiff.

*P. W. Chandler,* city solicitor, for the defendants.

FLETCHER, J. This is an action of assumpsit to recover the amount of taxes, assessed to the plaintiff by the assessors

46*

of the city of Boston, for the years 1846 and 1847, and paid by him under protest, denying that the taxes were lawfully assessed. There is no controversy as to the amount; but the question is, whether the plaintiff was by law liable to be taxed, at all, or in any sum, in the city of Boston, in the years 1846 and 1847.

It is admitted, that, on the 1st day of May, in each of those years, and for several years before, the plaintiff was an inhabitant of and resided in the city of Roxbury, and was there taxed for his poll, and for his real and personal estate and income, and paid the same. The ground, upon which the city of Boston claims the right to assess the taxes in question upon the plaintiff, is, that he had goods, merchandise and stock in trade in that city, at the time of the assessment, so situated and under such circumstances, as to be legally liable there to assessment. The form of the assessment is on his "personal estate, income, &c." This must in form at least be incorrect; as the plaintiff was legally liable to be taxed for income in Roxbury, where he was an inhabitant, and where he was in fact so taxed and paid the amount assessed upon him. He could not therefore be rightfully taxed a second time for the same thing in Boston. But it is understood, that the assessments in Boston were in fact only on goods and merchandise there ; and it would seem advisable, therefore, that the form of the assessment should be corrected; as upon the face of it, it would appear not to be warranted by law.

The city of Boston claim the right to make these assessments on the goods of the plaintiff, by virtue of the provisions of the Rev. Sts. c. 7, § 10, cl. 1, and of the statute of 1839, c. 139, § 1. The former provides, that "All goods, wares and merchandise, or any other stock in trade, including stock employed in the business of any of the mechanic arts, in towns within the state, other than where the owners reside, shall be taxed in those towns, if the owners hire or occupy stores, shops or wharves therein, and shall not be taxable where the owners reside." The statute of 1839 declares, that " All stocks in trade, including stock employed in

the business of manufacturing, or of any of the mechanic arts, in towns within the state, other than where the owners reside, shall be taxed in those towns, if the owners hire or occupy manufactories, stores, shops or wharves therein, whether the said stocks in trade, or the goods, wares and merchandise, or other property composing or forming a part of the same, are within said towns on the 1st day of May, of the year when the tax is made, or elsewhere." The statute of 1839 enlarges the former provision as to the time when the goods must be found within a town other than that in which the owner resides, in order to be liable to be taxed in the former town; not confining it to the 1st of May as in the prior statute.

The present case shows, that the plaintiff had a privilege in a counting-room in Boston, where he kept his books and received notices and letters; that he made his deposits in Boston; and, in fact, it appears quite fully, that his place for the transaction and management of his general business was in Boston. So, also, it appears that he was interested in vessels sailing from Boston, and returning there with cargoes; that he received goods by those vessels, which he procured to be stored at different places in Boston; and that he had on storage in Boston some of the products of his factory other than those in the hands and possession of his agents, which, of course, were stored by him. It would seem, also, (but upon this point the statement of facts is not very distinct or certain), that the plaintiff, though he did not keep and exhibit samples, yet, to some extent and in some mode, exhibited and made sales of the products of his factory, and of other goods which he received by his vessels, and which were on storage in Boston.

If, therefore, the law had provided, that any one, who transacted his business in a town other than that in which he lived, though he was an inhabitant of and liable to taxation in another place, might be taxed in the place in which he transacted his business; or if it had provided, that the owner of goods or merchandise, or stock in trade, which might under any circumstances be found in a town other

than that in which he lived, might be taxed there, the plaintiff, upon the facts stated, might very probably have been found liable to be taxed in Boston. But the liability of a person to taxation in a town other than that in which he lives is not made by the statute to depend on the fact of his doing business in such other town; or on the general fact that he has goods in such other town.

But, by the statute, goods, wares and merchandise, and other stock in trade, are taxable in the town where they may be, other than the town where the owner resides, only in the case, and upon the express condition, that the owner hires or occupies stores, shops, or wharves in such other town, in which he does not reside. In order, therefore, that a town may rightfully tax goods found within it belonging to an owner, who is an inhabitant of and liable to taxation in another town, it must appear, that the owner of such goods hires or occupies stores, shops or wharves in the town where the goods may be found.

The plaintiff, in the present case, was an inhabitant of the city of Roxbury, and he had goods in Boston; but to render him liable to be taxed in Boston for those goods, it must further appear, that he hired or occupied stores, shops or wharves in Boston. This hiring or occupying stores, shops or wharves, the statute expressly makes the ground of liability to taxation in such cases. There was a manifest propriety in having the specific grounds of liability expressly stated and defined in the statute; as it was not the purpose of the statute, to have all goods found in towns other than those in which the owner lives liable to be taxed in the towns in which they might be found.

It is manifest from the statement of facts, in this case, that the plaintiff did not hire any store, shop or wharf in the city of Boston. He had a privilege in a counting-room only for the transaction of his business; what goods he had in Boston, were in stores or shops, or on wharves hired or occupied by others and not by himself. But it does not appear, that the plaintiff himself hired or occupied any store, shop or wharf in the city of Boston, and, of course, therefore,

was not liable to taxation there.   The result is, that the plaintiff must have judgment for the sum paid by him and interest from the time of payment.